## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **S.B., by and through her father, W.B.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12-cv-03077** |
| | ) | |
| **JULIE HAMOS, in her official capacity as Director of the Illinois Department of Healthcare and Family Services,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendant Julie Hamos, in her official capacity as Director of

the Illinois Department of Healthcare and Family Services, filed a

Motion to Dismiss or Transfer Case to Northern District of Illinois

(d/e 26).  Defendant asserts that dismissal of this case is warranted

because on February 13, 2014 the District Court for the Northern

District of Illinois certified a class action in <u>N.B. v. Hamos</u>, Case No.

11 C 06866, which raises identical issues.  In the alternative,

Defendant asserts that if the Court prefers to transfer the case, the

Court should decline to rule on the motion to dismiss and transfer

the case to the Northern District.  For the reasons that follow, the

Motion to Dismiss or Transfer is DENIED. However, the Court, <u>sua sponte</u>, stays this case pending resolution of the class action.

## I. BACKGROUND

A. <u>The Instant Lawsuit</u>

In March 2012, Plaintiff S.B., by and through her father, W.B. (collectively referred to as "S.B."), filed this action. S.B. alleges she is a Medicaid-eligible person under the age of 21 who has behavioral and emotional disorders but is not being provided with treatment required by federal law.

The Complaint (d/e 1) seeks declaratory and injunctive relief for violations of the Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") program of Medicaid and 42 U.S.C. § 1983 (Count 1); the Americans with Disabilities Act ("ADA") and § 1983 (Count 2), and the Rehabilitation Act (Count 3). Specifically, S.B. seeks a declaratory judgment that Defendant's failure to comply with the mandates of the Medicaid Act, the ADA, and the Rehabilitation Act is unlawful. S.B. also seeks to enjoin Defendant from subjecting S.B. to practices that violate S.B.'s rights under the Medicaid Act, the ADA, and the Rehabilitation Act. S.B. requests money damages under the Rehabilitation Act (Count 4).

In June 2012, this Court entered an Agreed Order directing Defendant to fund S.B.'s placement at Lincoln Prairie Behavioral Health Center ("Lincoln Prairie") (d/e 15). The Agreed Order required that S.B. continue to pursue applications for services through the "Illinois Department of Human Services in the Children and Young Adults with Developmental Disabilities–Residential Waiver or Support Waiver." In the event S.B. was found eligible and accepted for placement or services under either of the waivers, Defendant's obligation to pay for services for S.B. at Lincoln Prairie shall terminate.

In her response to the Motion to Dismiss or Transfer, S.B. advises the Court that she has since been placed in a children's group home through the Medicaid Home and Community-Based Services Children's Residential Waiver Program. Therefore, she is not currently seeking additional injunctive relief but is seeking damages and attorney's fees for Defendant's prior conduct.

Nonetheless, in the Motion for Partial Summary Judgment S.B. filed in December 2013 (which has not yet been fully briefed), S.B. seeks judgment as to liability on all four counts and a trial on

the issue of damages in Count 4. Moreover, S.B. asserts in the Motion for Partial Summary Judgment that:

> Defendant is knowingly denying SB and other children medically necessary treatment to which they are entitled to under the EPSDT provisions of the Medicaid Act by forcing them to either forgo treatment altogether or obtain it by subjecting themselves to extended and repeated psychiatric hospitalization[s]. Defendant's conduct is in clear violation of the Medicaid Act, the Americans with Disabilities Act[,] and the Rehabilitation Act.

Pl. Mot. for Partial Summ. J., p. 7 (d/e 24).

B. <u>The N.B. v. Hamos Lawsuit Filed in the Northern District of Illinois</u>

The <u>N.B. v. Hamos</u> lawsuit in the Northern District of Illinois was filed in September 2011. The original Complaint, filed solely by plaintiff N.B., contained the same four counts contained in the Complaint in <u>S.B. v. Hamos</u>. <u>See</u> <u>N.B. v. Hamos</u>, Case No. 11 C 06866, d/e 1. Unlike the <u>S.B.</u> Complaint, the <u>N.B.</u> Complaint also contained class action allegations.

N.B.'s Amended Complaint, filed October 12, 2011, and Second Amended Complaint, filed August 23, 2012, included additional plaintiffs. <u>Id.</u> at d/e 15, 54. Only N.B., however, seeks damages in Count 4.

The Second Amended Complaint in <u>N.B. v. Hamos</u> differs slightly from the Complaint in <u>S.B. v. Hamos</u> in regard to the relief sought. <u>See</u> Exhibit to Mot. to Dismiss, d/e 31. Like the Complaint in <u>S.B. v. Hamos</u>, the Second Amended Complaint in <u>N.B. v. Hamos</u> seeks a declaratory judgment that Defendant's failure to comply with the mandates of the Medicaid Act, the ADA, and the Rehabilitation Act is unlawful, an injunction to bar Defendant from subjecting Plaintiffs (and the class) to practices that violate their rights under the Medicaid Act, the ADA, and the Rehabilitation Act, money damages for N.B. under the Rehabilitation Act, and attorney's fees and costs.

The Second Amended Complaint also seeks, however, preliminary and permanent injunctive relief for violations of the "integration mandate" and seeks an order requiring Defendant to (1) inform individuals with disabilities that they may be eligible for community-based services and have the choice of such services; (2) regularly provide assessments to determine eligibility for community-based services; and (3) promptly provide appropriate services and support to qualifying individuals in the community, creating a viable alternative to treatment in institutional settings.

See d/e 31; see also N.B. v. Hamos, Case No. 11 C 06866, d/e 54, p. 43.

On February 13, 2014, United States District Judge John J. Tharp, Jr., certified the following class:

> All Medicaid-eligible children under the age of 21 in the State of Illinois: (1) who have been diagnosed with a mental health or behavioral disorder; and (2) for whom a licensed practitioner of the healing arts has recommended intensive home- and community-based services to correct or ameliorate their disorders.

N.B. v. Hamos, -- F. Supp. 2d ---, 2014 WL 562637, at *14 (N.D. Ill. Feb. 13, 2014). The court certified the class under Rule 23(b)(2) for injunctive or declaratory relief only. Id. at 12 (noting that "success on the plaintiffs' claims will require policy modifications to properly implement EPSDT and the integration mandate"). The court appointed attorneys Michelle N. Schneiderheinze (the attorney in S.B. v. Hamos), Robert H. Farley, Jr., and Mary Denise Cahill as class counsel. Id. at 14.

## II. ANALYSIS

Defendant argues that this cause of action should be dismissed in light of the Northern District's certification of a class that encompasses the plaintiff and claims pending in this Court. In

the alternative, the Court should decline to rule on the dismissal motion and transfer the case to the Northern District.

In support thereof, Defendant asserts that S.B. has no right to opt out of a Rule 23(b)(2) class and, therefore, cannot maintain a separate individual action. Defendant further asserts that allowing S.B. to proceed on her individual suit would lead to the type of inconsistent court rulings class certification is designed to prevent and would inhibit settlement.

S.B. responds that under certain circumstances a plaintiff can opt out of a Rule 23(b)(2) class. S.B. also states that dismissal or transfer are not warranted because she is currently only seeking damages and attorney's fees for Defendant's prior conduct with respect to S.B. Finally, S.B. asserts that transfer is not warranted because the damages claim is not subject to class treatment, the potential for inconsistent rulings is non-existent (because, according to S.B., the law is clear), and transfer would cause unnecessary delay and additional burdens.

It is undisputed that S.B. is part of the class certified in the Northern District. Judge Tharp did not provide an opt-out provision, and S.B. has not sought to opt out of the class. <u>See</u>

Johnson v. Meriter Health Servs. Emp. Ret. Plan, 702 F.3d 364, 370-71 (7th Cir. 2012) (noting that Rule 23(b)(2) does not mention "opting out" but that "the case law permits the judge to allow opt out").

This Court will not, however, dismiss this action. S.B. has asserted a claim for damages in Count 4. The class certified in N.B. v. Hamos is for injunctive and declaratory relief only. Although the Northern District court has the authority to devise a method of adjudicating individual damages claims, the court may choose not to do so. Dismissal is rarely appropriate "unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests." Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co., 203 F.3d 442, 444 (7th Cir. 2000). Because it is unclear whether dismissal will adversely affect S.B.'s rights, the Motion to Dismiss is denied.

The Court also, in its discretion, will not transfer the cause of action to the Northern District.[1]  Section 1404(a) of Title 28 of the

---

[1] In opposing dismissal and transfer, S.B. asserts that she is only seeking damages under Count 4 and is not seeking any additional injunctive relief. However, S.B. is not entitled to damages unless she can establish liability. The liability issues in this case are essentially the same as those raised in N.B. v. Hamos. Therefore, the Court does not adopt this argument as a basis for denying dismissal or transfer.

United States Code provides the circumstances under which a court may transfer a civil action to another district or division:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). In cases where the district court is asked to transfer one lawsuit to the forum where an identical lawsuit is pending, the court may consider the order in which the suits were filed among the factors evaluated under § 1404(a). <u>Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.</u>, 626 F.3d 973, 982 (7th Cir. 2010) (refusing to adopt an inflexible rule that the first-filed case controls).

In this case, the action could have been brought in the Northern District because Defendant Hamos, in her official capacity, resides in any judicial district in which she is subject to the court's personal jurisdiction. <u>See</u> 28 U.S.C. § 1391(b)(1) (venue is proper in a judicial district in which "any defendant resides, if all defendants are residents of the State in which the district is located"); § 1391(c)(2) (a defendant entity is deemed to reside in any

judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question). The Northern District case was also filed before the instant case.

However, the Northern District is not convenient to the parties and the witnesses. Although S.B. currently resides in a facility in Freeport, Illinois, she was a resident of Petersburg, Illinois, when she filed this action. Her family still lives in Petersburg. Moreover, S.B. was hospitalized in a facility located in Springfield, Illinois and the relevant treating clinicians are also located in Springfield.

The interests of justice, which in this case include judicial economy and comity, support a stay as opposed to a transfer, in light of the convenience to the parties and witnesses. See Blair v. Equifax Servs., Inc., 181 F.3d 832, 839 (7th Cir. 1999) (noting that "[w]hen overlapping suits are filed in separate courts, stays (or, rarely, transfers) are the best means of coordination"). Allowing parallel suits to proceed is an inefficient use of court resources.

The parties do not address offensive collateral estoppel,[2] whether the estoppel here would be considered mutual or

---

[2] "Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against the same or a different party." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.4 (1979).

nonmutual, or whether offensive collateral estoppel could even be asserted against Defendant in the event this Court reached a judgment in favor of S.B. prior to a judgment in the Northern District court.  See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 332 (1979) (holding that federal courts have the discretion to allow the use of nonmutual offensive collateral estoppel if warranted by the circumstances); United States v. Mendoza, 464 U.S. 154 (1984) (limiting the holding in Parklane by holding that nonmutual offensive collateral estoppel could not be asserted against the United States); Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp., 768 F.2d 1558, 1579 (11th Cir. 1985) (extending Mendoza to state governments).  Assuming that collateral estoppel would not apply, the issue of whether the Department's system violates the EPSDT provisions and the integration mandate of the ADA and Rehabilitation Act would then be litigated twice and could result in inconsistent adjudications.  This is particularly troubling where S.B. remains a member of the class certified in N.B. v. Hamos.

    In contrast, because the Northern District action is a class action and S.B. is a part of that class, the determination in the

Northern District will clearly bind S.B. and all other class members. See, e.g., Schor v. Abbott Lab., 457 F.3d 608, 615 (7th Cir. 2006) (noting that a decision favorable to the defendant in a California lawsuit was not conclusive against a plaintiff who was not a party to that action unless the court in the California action certified a class and the plaintiff failed to opt out). Resolution of the identical issue on a class-wide basis is a more appropriate use of court resources. In addition, the Northern District case has been pending since 2011 and that court has as much familiarity with the issues as this Court.

Notably, the instant case has progressed further than N.B. v. Hamos. Discovery is completed in this case, and a partial motion for summary judgment is pending but not fully briefed. However, S.B. will not be prejudiced by any delay because she is in a satisfactory placement. The only delay she will suffer is to the recovery of damages and attorney's fees. Although the Court does not suggest that a delay to recover damages and attorney's fees is minimal, the issue can be quickly resolved following a determination on whether the Department's system violates the EPSDT provisions and the integration mandate of the ADA and

Rehabilitation Act.  Staying this case will also reduce the attorney's fees incurred, avoid duplicative work for the attorneys, and streamline any potential settlement.

## III. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss or Transfer Case to Northern District of Illinois (d/e 26) is DENIED. The Court, <u>sua sponte</u>, STAYS this cause of action pending a determination in <u>N.B. v. Hamos</u> of whether the Department's system violates the EPSDT provisions and the integration mandate of the ADA and Rehabilitation Act.  All pending deadlines are vacated.  The pending Partial Motion for Summary Judgment (d/e 24) is DISMISSED with leave to refile after a ruling in <u>N.B. v. Hamos</u>.

ENTER:  April 21, 2014

FOR THE COURT:

<u>     s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE